UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-717-FDW

| | |
|---|---|
| TYRI BROWN, | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| LEWIS SMITH, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 6), and on Petitioner's Motion to Stay, (Doc. No. 9).

**I. BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who, on March 27, 2008, in Mecklenburg County Superior Court, pled guilty to three consolidated counts of armed robbery, two consolidated counts of armed robbery, three consolidated counts of second-degree kidnapping, and two consolidated counts of second-degree kidnapping, and was sentenced, pursuant to the exact terms of his plea bargain, to two consecutive terms of 82-108 months, plus two consecutive terms of 27-42 months imprisonment, in cases 06 CRS 237936, 40, 42, 46, 60, 64, 71, 90, 235503, 05. See (Doc. Nos. 7-2; 7-3; 7-4). Petitioner was represented by Norman Butler and did not appeal. On or about August 21, 2013, Petitioner filed a pro se motion for appropriate relief ("MAR") in Mecklenburg County Superior Court. (Doc. No. 7-5). On September 4, 2013, the MAR Court denied the MAR. (Doc. No. 7-6). On November 18, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals, which petition

1

was dismissed on November 26, 2013.  (Doc. No. 7-7; 7-9).

Petitioner placed the petition in the prison system for mailing on December 19, 2013, and it was stamp-filed in this Court on December 21, 2013.  In his sole ground for relief, Petitioner contends that because a prior conviction for misdemeanor larceny that was used to enhance his sentence to prior record level III has been vacated, he is entitled to re-sentencing at his new, prior record level, and the failure to do so violates due process. Respondent filed the pending motion for summary judgment on January 28, 2014.  (Doc. No. 6).  On January 29, 2014, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion.  (Doc. No. 8).  On February 18, 2014, Petitioner filed a motion to stay the petition to allow him to exhaust his claim in state court.  (Doc. No. 9).

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).  Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).  Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by

concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A).

**III.     DISCUSSION**

In his sole ground for relief, Petitioner contends that because a prior conviction for misdemeanor larceny that was used to enhance his sentence to prior record level III has been vacated, he is entitled to be resentenced at his new, prior record level, and the failure to be resentenced violates due process. According to Petitioner, by order dated July 11, 2013, the Mecklenburg County Superior Court granted a prior MAR brought by Petitioner and vacated the

4

misdemeanor larceny conviction. See (Doc. No. 7-5 at 4). Petitioner contested the prior conviction on the ground that he was not represented by counsel when the conviction was entered against him. See id.

As Respondent notes, Petitioner has not exhausted his current claim in the North Carolina state courts because he did not bring a proper petition for certiorari in the North Carolina Court of Appeals. As set forth in the state's response to Petitioner's certiorari petition, Petitioner did not file with the petition copies of the order denying his MAR in this case, or copies of his MAR and MAR order dated July 11, 2013, vacating the prior, misdemeanor larceny conviction. (Doc. No. 7-8). The state argued that copies of these documents were essential to resolve the case, and the certiorari petition should be dismissed under state procedure for his failure to do so. Id.; see N.C. R. APP. P. 21(c) (copies of essential documents, judgment, order, opinion, or parts of record essential to an understanding of the matters set forth in the petition, are required); Rule 21(e) (certiorari petition shall be "dismissed" for failure to comply with rules of procedure, and "denied" when without merit). The North Carolina Court of Appeals then dismissed the certiorari petition. (Doc. No. 7-9).

Because Petitioner did not properly file a certiorari petition in the North Carolina Court of Appeals, he has not exhausted his state remedies as to his claim for relief, as required by 28 U.S.C. § 2254(b)(1)(A). See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rose v. Lundy, 455 U.S. 509 (1982). In response to the summary judgment motion, Petitioner seeks to have this Court stay the action so that he can exhaust his claim in the state court. The Court will deny the motion to stay. Although Petitioner did not file a proper certiorari petition with the North Carolina Court of Appeals, as noted, he did file a MAR in Mecklenburg County Superior Court

5

challenging the enhancement of his sentence based on the prior conviction, and the MAR Court denied the MAR on the merits. See 28 U.S.C. § 2254(b)(2). Allowing Petitioner to file a proper certiorari petition with the North Carolina Court of Appeals would be a futile endeavor and would waste this Court's and the state court's scarce resources.

The Court finds that Petitioner is not entitled to relief on the merits of the claim he raises here. First, the Court notes that in his MAR filed on August 21, 2013, Petitioner contested the use of the prior conviction in his sentencing, and the MAR Court denied the claim on the merits, stating that Petitioner "was sentenced pursuant to a plea agreement as to the sentence imposed." (Doc. No. 7-6 at 2). Petitioner did not, however, present the claim in his MAR as a federal constitutional claim as he does here. Rather, he presented the claim in terms of state law only. See (Doc. No. 7-5). In any event, even if Petitioner had raised his current due process claim in his MAR, the MAR Court's denial of such a claim would be neither contrary to nor an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court.[1] That is, this Court can find no Supreme Court case recognizing a due process violation when a misdemeanor conviction used to obtain a defendant's prior record level was later vacated, when the defendant received the exact sentences called for in his plea bargain, and he still could have received the same sentences even under a lower, prior record level without accounting for the prior conviction.[2] Indeed, Petitioner received the full benefit of his negotiated

---

[1] To the extent Petitioner is attempting to raise a state law claim, it is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus does not lie for errors of state law.'") (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

[2] Respondent contends that, in other words, even if Petitioner's prior record level were reduced from III to II by eliminating the one, prior record level point for the misdemeanor larceny

6

plea bargain, which is all that is constitutionally required. See Santobello v. New York, 404 U.S. 257 (1971). In addition, by entering his knowing, voluntary, and counseled guilty plea, with a plea bargain for specific sentences, and receiving those specific sentences, Petitioner waived any potential errors in his prior record level calculation. See Tollett v. Henderson, 411 U.S. 258 (1973) (knowing, voluntary, counseled guilty plea waives allegations of antecedent violations of non-jurisdictional constitutional rights, such as discrimination in selection of grand jury). In sum, for the reasons stated herein, the Court will grant Respondent's summary judgment motion and deny and dismiss the § 2254 petition.

## IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED**, and the petition is **DENIED** and **DISMISSED**.

2. Petitioner's Motion to Stay, (Doc. No. 9), is **DENIED**.

3. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when

---

conviction, Petitioner could still have been sentenced at prior record level II to the exact same sentences he agreed to in his negotiated plea bargain.

relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 24, 2014

Frank D. Whitney
Chief United States District Judge